IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| NICHOLAS D'ARCANGELO, Individually and Derivatively on Behalf of The Funded Trader, LLC, | § § § § | |
| *Plaintiff,* | § § | Case No. 1:23-cv-01472-RP |
| v. | § § | |
| THE FUNDED TRADER, LLC, ANGELO CIARAMELLO, CARLOS RICO-OSPINA, JR., MATTHEW RACZ, and EASTON CONSULTING TECHNOLOGIES, LLC, | § § § § § § | JURY TRIAL DEMANDED |
| *Defendants*. | § | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants The Funded Trader, LLC ("TFT"), Angelo Ciaramello ("Ciaramello"), Carlos Rico-Ospina, Jr. ("Rico"), and Matthew Racz ("Racz") (the "TFT Defendants"), and Easton Consulting Technologies, LLC ("Easton") (collectively with TFT Defendants, the "Defendants"), file this Answer to Plaintiff Nicholas D'Arcangelo's First Amended Complaint ("Complaint") and would respectfully show the Court as follows:

## INTRODUCTION[1]

Defendants admit the Complaint involves TFT and that TFT is a retail foreign exchange trading business. Defendants admit that Plaintiff was involuntarily removed under the terms of the operating agreement he signed and approved and that he would no longer be receiving distributions from TFT. Defendants deny the remaining allegations in the Introduction.

---

[1] The headings and sub-headings included herein are copied verbatim from the Complaint for ease of reference for the Court. Defendants in no way admit any allegation contained within any such heading or subheading, and to the extent a response is required, Defendants deny all allegations contained within any heading or subheading.

**PARTIES**

1.       Defendants deny that Plaintiff is a member of TFT. Defendants lack sufficient information to admit or deny the remaining allegations contained in Paragraph 1 of the Complaint.

2.       Defendants deny that Plaintiff has standing to sue derivatively on behalf of TFT. Defendants admit the remaining allegations in Paragraph 2 of the Complaint.

3.       Defendants admit the allegations contained in Paragraph 3 of the Complaint.

4.       Defendants admit the allegations contained in Paragraph 4 of the Complaint.

5.       Defendants admit the allegations contained in Paragraph 5 of the Complaint.

6.       Paragraph 6 of the Complaint contains no allegations that must be admitted or denied.

7.       Defendants admit the allegations contained in Paragraph 7 of the Complaint.

**JURISDICTION AND VENUE**

8.       Paragraph 8 contains allegations regarding the Court's subject matter jurisdiction, which is a question of law that need not be admitted or denied.  To the extent a response is required, Defendants deny that the Court has subject matter jurisdiction as to Plaintiff's derivative claims on behalf of TFT because, as a former member of TFT, Plaintiff lacks standing to bring derivative claims.  *See* Defs.' Mot. to Dismiss [Dkt. 20] at 6-8.  Defendants admit that this Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a) because there is complete diversity among the parties and the amount in controversy exceeds $75,000. Defendants deny that the Court has supplemental jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367, respectively.

9.       Paragraph 9 contains allegations regarding the Court's personal jurisdiction, which is a question of law for the Court that need not be admitted or denied.  To the extent a response is required, Easton denies that it has sufficient contacts with Texas to support personal jurisdiction in this case, and specifically denies that it is the successor in interest to TFT or that it is subject to

TFT's operating agreement.  The TFT Defendants deny that they have sufficient minimum contacts to support personal jurisdiction in Texas but admit that the TFT Amended Operating Agreement contains a choice-of-venue provision that subjects the TFT Defendants to suit in Texas. Defendants lack sufficient information to admit or deny the allegations regarding Blake Olson but deny that such allegations about a non-party could support personal jurisdiction in this case.

10.     Defendants deny that TFT's original Operating Agreement ("Original Agreement") is a valid or enforceable agreement as it was superseded in its entirety by TFT's Amended and Restated Operating Agreement ("Amended Agreement").  The TFT Defendants admit that the Amended Agreement calls for the application of Texas law and selects Texas courts as the forum for the TFT Defendants. Easton denies that it is the successor in interest to TFT or that it is subject to TFT's operating agreements.  The remaining allegations in Paragraph 10 of the Complaint are legal conclusions that need not be admitted or denied.

11.     Paragraph 11 contains an allegation regarding proper venue, which is a question of law that need not be admitted or denied.  To the extent a response is required, Easton denies that venue is proper regarding claims made against Easton and specifically denies that it is the successor in interest to TFT or that it is subject to TFT's operating agreement.  The TFT Defendants admit that venue properly lies in this Court with regard to claims against the TFT Defendants.

## FACTS

12.     Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 12 of the Complaint.

13.     Defendants admit that Plaintiff and Ciaramello knew each other and would discuss Forex trading prior to creating TFT. Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 13 of the Complaint.

14.     Defendants admit the first and second sentence of Paragraph 14 of the Complaint. Defendants lack sufficient information to admit or deny the remaining allegations contained in Paragraph 14 of the Complaint.

15.     Defendants admit the second sentence of Paragraph 15 of the Complaint. Defendants deny the remaining allegations contained in Paragraph 15 of the Complaint.

16.     Defendants admit the first sentence of Paragraph 16 of the Complaint. Defendants further admit that Ciaramello knew Rico from college. Defendants further admit that on or about May 12, 2021, TFT was registered with the Texas Secretary of State's office as a limited liability company. Defendants lack sufficient information to admit or deny the remaining allegations contained in Paragraph 16 of the Complaint.

17.     Defendants admit that the Original Agreement was executed and agreed to by Ciaramello, Olson, Rico, and Plaintiff effective as of May 12, 2021. To the extent Plaintiff quotes language from the Original Agreement in order to summarize its meaning, Defendants assert that the Original Agreement is a written document that speaks for itself.  Therefore, Defendants deny any summary or suggestion regarding the meaning of the Original Agreement.

18.     Defendants deny that Racz was Ciaramello's "life coach" or that Ciaramello unilaterally hired Racz. To the extent the allegations in Paragraph 18 of the Complaint attempt to establish that Plaintiff remains a member of or has any interest in TFT, denied. Otherwise, admitted.

19.     Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20.     Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 20 regarding non-party Forex League's or Plaintiff's social media followers. Defendants deny the remaining allegations contained in Paragraph 20 of the Complaint.

21.     Defendants admit the allegations contained in Paragraph 21 of the Complaint are a sufficiently accurate summary of TFT's business operation for purposes of this answer.

22.     Defendants admit the allegations contained in the first three sentences of Paragraph 22 of the Complaint are a sufficiently accurate summary of TFT's business operation for purposes of this answer.  Defendants lack sufficient information to admit or deny the allegations contained in the remainder of Paragraph 22 of the Complaint regarding any representations made by Racz or on TFT's social media channels.

23.     Defendants deny the allegations in the first sentence of Paragraph 23. Defendants lack sufficient information to admit or deny the remaining allegations contained in Paragraph 23 of the Complaint but deny that Plaintiff's alleged friendship with Ciaramello gave rise to any fiduciary duty by any Defendant.

24.     The alleged communications described in the first two sentences of Paragraph 24 are too vague and indefinite for Defendants to either admit or deny whether the description accurately summarizes those alleged communication.  Defendants admit that in or around August 2021, the TFT operating agreement was amended, in part, to reduce Plaintiff's ownership interest by 5% and increase Ciaramello's interest by 5%.  In exchange for reducing Plaintiff's ownership interest by 5%, all members, including Plaintiff, agreed that TFT would pay Plaintiff a salary of $50,000.  Defendants deny the remaining allegations contained in Paragraph 24 of the Complaint.

25.     Defendants admit that TFT's business expanded over time. Defendants lack sufficient information to admit or deny that TFT became the "second-largest retail Forex trading business in the world." The allegations in the last sentence of Paragraph 25 are too vague and indefinite regarding which alleged entities Plaintiff claims competed with TFT, how they allegedly competed, or when that competition allegedly occured for Defendants to either admit or deny

whether any unidentified entity competed with TFT.  Defendants deny the remaining allegations in Paragraph 25 of the Complaint.

26.    Defendants admit that Plaintiff accurately cited an incomplete portion of the Original Agreement, but Defendants deny the allegations in Paragraph 26 of the Complaint to the extent Plaintiff's allegations mischaracterize that language, take that language out of context and selectively quote the Original Agreement. Defendants deny the Original Agreement was in force and effect at any time relevant to the claims in this lawsuit. Defendants deny the remaining allegations in Paragraph 26 of the Complaint.

27.    Defendants admit that Plaintiff signed the Amended Agreement, the terms of which differed in some respects to that of the Original Agreement. Defendants deny the remaining allegations in Paragraph 27 of the Complaint.

28.    Paragraph 28 fails to sufficiently identify alleged communication between Plaintiff and undisclosed parties for Defendants to admit or deny whether Paragraph 28 accurately describes those communications.  To the extent a response is required, denied.

29.    Paragraph 29 fails to sufficiently identify alleged communication between Plaintiff and "TFT's corporate lawyer" or Ciaramello for Defendants to admit or deny whether Paragraph 29 accurately describes those communications.  To the extent a response is required, denied.

30.    Defendants admit that Plaintiff signed the Amended Agreement on or about December 2022. The Amended Agreement is a written document that speaks for itself.  To the extent Paragraph 30 seeks to summarize the Amended Agreement, quote isolated language from the agreement out of context, or make arguments regarding its legal effect that are not expressly stated in the Amended Agreement, Defendants deny those characterizations.

31.     The Amended Agreement is a written document that speaks for itself.  To the extent Paragraph 31 seeks to summarize the Amended Agreement, quote isolated language from the agreement out of context, or make arguments regarding its legal effect that are not expressly stated in the Amended Agreement, Defendants deny those characterizations.

32.     The Amended Agreement is a written document that speaks for itself.  To the extent Paragraph 32 seeks to summarize the Amended Agreement, quote isolated language from the agreement out of context, or make arguments regarding its legal effect that are not expressly stated in the Amended Operating Agreement, Defendants deny those characterizations.

33.     Defendants admit that Plaintiff was notified on or about January 6, 2023, that he was properly removed as a member of TFT effective January 31, 2023, pursuant to the LLC Involuntary Member Removal ("Removal Notice") signed by the remaining members of TFT on January 6, 2023.  The Removal Notice is a written document that speaks for itself.  To the extent Paragraph 33 seeks to summarize the Removal Notice, quote isolated language from the Removal Notice out of context, or make arguments regarding its legal effect that are not expressly stated in the Removal Notice, Defendants deny those characterizations.

34.     The Removal Notice and Amended Agreement are written documents that speak for themselves.  To the extent Paragraph 34 seeks to summarize either document, quote isolated language from the documents out of context, or make arguments regarding their legal effect that are not expressly stated in the Removal Notice or the Amended Agreement, Defendants deny those characterizations.

35.     Defendants deny that Plaintiff was required to sign any document for his membership interest to be involuntarily terminated under the Amended Agreement.

36.     Defendants deny that Plaintiff was ever improperly denied access to TFT information belonging to him or that Plaintiff was ever improperly denied distributions from TFT. To the extent the allegations in Paragraph 36 of the Complaint are inconsistent with that denial, the same are further denied.

37.     Defendants deny the allegations contained in Paragraph 37 of the Complaint. Defendants further deny that Plaintiff's counsel properly invoked the mediation procedure provided in the Amended Agreement.

38.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 38 of the Complaint.

39.     Defendants admit that Plaintiff was provided any tax information he was owed. Defendants deny the allegation stating that information was not provided in a timely manner. Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 39 of the Complaint.

40.     Defendants admit that Plaintiff lost his health insurance coverage through TFT on or around January 31, 2023. Defendants deny the remaining allegations contained in Paragraph 40.

41.     The allegations in Paragraph 41 relate solely to alleged operations of Forex League, a nonparty entity that is not owned or operated by TFT nor Easton and which Plaintiff claims is currently owned by Plaintiff and Ciaramello.  Given that the operations of Forex League are not part of Plaintiff's claims, Defendants need neither admit nor deny the allegations contained in Paragraph 41.  To the extent a response is required, Ciaramello denies he has violated the Forex League company agreement or breached any alleged obligations to Plaintiff with regard to Forex

League.  The remaining Defendants (other than Ciaramello) lack sufficient information to either admit or deny any allegations relating to the operation of Forex League.

42.     The allegations in Paragraph 42 relate solely to alleged operations of Arc Holdings LLC ("Arc"), a nonparty entity that is not owned or operated by TFT nor Easton.  Given that the operations of Arc are not part of Plaintiff's claims, Defendants need neither admit nor deny the allegations contained in Paragraph 42.  To the extent Plaintiff asserts or insinuates that Arc's operations somehow constituted a breach of the TFT Company Agreement or any duty owing to either TFT or Plaintiff, Defendants deny those allegations.  Defendants deny that Arc ever purchased real estate.  Defendants deny that Arc has ever had a bank account.  Defendants admit that Arc operated at a complete loss.  To the extent any further response is required, Defendants deny the allegations in Paragraph 42 of the Complaint.

43.     Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 43 of the Complaint regarding alleged third-party commentary on TFT operations.  Defendants admit that the TFT operations were temporarily paused, but as of the date of this answer, all operations have resumed.  Defendants deny all other allegations contained Paragraph 43 of the Complaint.

44.     Defendants deny the allegations contained in Paragraph 44 of the Complaint.

### CLAIMS FOR RELIEF

**Count One – Declaratory Judgment**
**(In Favor of D'Arcangelo and TFT Derivatively Against the Individual Defendants)**

45.     Paragraph 45 of the Complaint merely repleads and incorporates Plaintiff's prior allegations and thus does not require a response. Defendants replead and incorporate their answers to the allegations contained in Paragraphs 1 through 44 of the Complaint.

46.     Defendants deny that Plaintiff is a Member of TFT and further deny that Plaintiff possesses or has a right to possess any membership interest in TFT. The remaining allegations in Paragraph 46 of the Complaint are legal conclusions and those allegations require no response. To the extent a further response is required, denied.

47.     Defendants deny the allegations contained in Paragraph 47.

48.     The Amended Agreement is a written document that speaks for itself.  To the extent Paragraph 48 seeks to summarize the Amended Agreement, quote isolated language from the agreement out of context, or make arguments regarding its legal effect that are not expressly stated in the Amended Agreement, Defendants deny those characterizations. The remaining allegations in Paragraph 48 of the Complaint are legal conclusions and those allegations require no response. To the extent a further response is required, denied.

49.     Defendants deny that Plaintiff remains a member of TFT. The remaining allegations in Paragraph 49 of the Complaint are legal conclusions regarding public policy that require no response. To the extent a further response is required, denied.

50.     Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51.     Defendants deny that Plaintiff is entitled to any compensation from Defendants and that Tex. Bus. Org. Code § 101.205 applies when a member is involuntarily removed from and LLC. The remaining allegations in Paragraph 51 of the Complaint are legal conclusions and those allegations require no response. To the extent a further response is required, denied.

52.     Defendants are not required to admit or deny Plaintiff's requests for relief but deny that Plaintiff is entitled to any such relief.

**Count Two – Breach of Contract**
**(In Favor of D'Arcangelo and TFT Derivatively Against the Individual Defendants)**

53.     Paragraph 53 of the Complaint merely repleads and incorporates Plaintiff's prior allegations and thus does not require a response. Defendants replead and incorporate their answers to the allegations contained in Paragraphs 1 through 52 of the Complaint.

54.     Defendants admit the allegations in Paragraph 54 of the Complaint.

55.     Defendants admit the allegations in Paragraph 55 of the Complaint.

56.     Defendants deny the allegations contained in Paragraph 56 of the Complaint.

57.     Defendants deny the allegations contained in Paragraph 57 of the Complaint.

58.     Defendants deny the allegations contained in Paragraph 58 of the Complaint, including subparagraphs a through f.

59.     Defendants deny the allegations in Paragraph 59 of the Complaint.

60.     Defendants deny that Plaintiff was improperly terminated as a member of TFT and further deny that Plaintiff remains an owner or member of TFT. The remaining allegations in Paragraph 60 of the Complaint are legal conclusions and those allegations require no response. To the extent a further response is required, denied.

61.     Defendants deny the allegations contained in Paragraph 61 of the Complaint.

62.     The allegations in Paragraph 62 of the Complaint are legal conclusions and those allegations require no response. To the extent a response is required, denied.

63.     Defendants are not required to admit or deny Plaintiff's requests for relief but deny that Plaintiff is entitled to any such relief.

**Count Three – Breach of Common Law Duties of Disclosure, Good Faith and Fair Dealing
(In Favor of D'Arcangelo Against the Individual Defendants)**

64.     Paragraph 64 of the Complaint merely repleads and incorporates Plaintiff's prior allegations and thus does not require a response. Defendants replead and incorporate their answers to the allegations contained in Paragraphs 1 through 63 of the Complaint.

65.     The allegations in Paragraph 65 of the Complaint are legal conclusions and those allegations require no response. To the extent a response is required, denied.

66.     Defendants deny the allegations contained in Paragraph 66.

67.     Defendants deny the allegations contained in Paragraph 67 of the Complaint and deny that TFT was obligated to provide substitute health insurance under COBRA.

68.     Defendants are not required to admit or deny Plaintiff's requests for relief but deny that Plaintiff is entitled to any such relief.

**Count Four – Breach of Formal Fiduciary Duties
(In Favor of Plaintiff and TFT Derivatively Against the Individual Defendants)**

69.     Paragraph 69 of the Complaint merely repleads and incorporates Plaintiff's prior allegations and thus does not require a response. Defendants replead and incorporate their answers to the allegations contained in Paragraphs 1 through 68 of the Complaint.

70.     The allegations in Paragraph 70 of the Complaint are legal conclusions and those allegations require no response. To the extent a response is required, denied.

71.     Paragraph 71 contains allegations regarding the existence of fiduciary duties, which is a question of law that need not be admitted or denied.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 71 of the Complaint.

72.     Defendants deny the allegations in Paragraph 72 of the Complaint.

73.     Defendants deny the allegations in Paragraph 73 of the Complaint.

74.     The last sentence in Paragraph 74 is an allegation regarding statutory construction, which is a question of law that need not be admitted or denied.  Defendants deny the remaining allegations in Paragraph 74 of the Complaint.

75.     The allegations in Paragraph 75 of the Complaint are legal conclusions and those allegations require no response. To the extent a response is required, denied.  Defendants are not required to admit or deny Plaintiff's requests for relief but deny that Plaintiff is entitled to any such relief.

### Count Five – Breach of Informal Fiduciary Duties
### (In favor of D'Arcangelo Against Defendant Ciaramello)

76.     Paragraph 76 of the Complaint merely repleads and incorporates Plaintiff's prior allegations and thus does not require a response. Defendants replead and incorporate their answers to the allegations contained in Paragraphs 1 through 75 of the Complaint.

77.     Defendants admit that Plaintiff and Ciaramello knew each other prior to January 6, 2023. To the extent the allegations in Paragraph 77 of the Complaint assert that such personal relationship gave rise to a fiduciary relationship, Defendants deny those allegations, and deny Plaintiff's claim for reasonable reliance.

78.     Defendants admit that Ciaramello worked with Rico at TFT. Defendants further admit that TFT is a closely held corporation and that Ciaramello is the CEO and Rico is the CFO. Defendants admit that Plaintiff's prior employment at TFT did not include the day-to-day operations of TFT. Defendants lack sufficient information to admit or deny the allegations in the last sentence of Paragraph 78 of the Complaint. Defendants deny the remaining allegations in Paragraph 78 of the Complaint.

79.     The allegations in Paragraph 79 of the Complaint are legal conclusions and those allegations require no response. To the extent a response is required, denied.

80.     Defendants deny the allegations contained in Paragraph 80 of the Complaint.

81.     Defendants, including Ciaramello, deny abusing their authority. The remaining allegations in Paragraph 81 of the Complaint are legal conclusions and those allegations require no response. To the extent a further response is required, denied.

82.     The allegations in Paragraph 82 of the Complaint are legal conclusions and those allegations require no response. To the extent a response is required, denied.  Defendants are not required to admit or deny Plaintiff's requests for relief but deny that Plaintiff is entitled to any such relief.

**Count Six – Civil Conspiracy**
**(In Favor of D'Arcangelo and Against All Individual Defendants)**

83.     Paragraph 83 of the Complaint merely repleads and incorporates Plaintiff's prior allegations and thus does not require a response. Defendants replead and incorporate their answers to the allegations contained in Paragraphs 1 through 82 of the Complaint.

84.     Defendants admit that the Individual Defendants constitute more than two persons, collectively. Defendants deny the remaining allegations contained in Paragraph 84 of the Complaint.

85.     Defendants deny the allegations contained in Paragraph 85 of the Complaint.

86.     Defendants deny the allegations contained in Paragraph 86 of the Complaint, including subparagraphs a through g.

87.     The allegations in Paragraph 87 of the Complaint are legal conclusions and those allegations require no response. To the extent a response is required, denied.  Defendants are not required to admit or deny Plaintiff's requests for relief but deny that Plaintiff is entitled to any such relief.

**Count Seven – Knowing Participation in Breach of Fiduciary Duty**
**(In Favor of D'Arcangelo and Against All Individual Defendants)**

88.     Paragraph 88 of the Complaint merely repleads and incorporates Plaintiff's prior allegations and thus does not require a response. Defendants replead and incorporate their answers to the allegations contained in Paragraphs 1 through 87 of the Complaint.

89.     The allegations in Paragraph 89 of the Complaint are a legal conclusion and those allegations require no response. To the extent a response is required, denied.

90.     The allegations in Paragraph 90 of the Complaint are legal conclusions and those allegations require no response. To the extent a response is required, denied.

91.     The allegations in Paragraph 91 of the Complaint are legal conclusions and those allegations require no response. To the extent a further response is required, denied.

92.     The allegations in Paragraph 92 of the Complaint are legal conclusions and those allegations require no response. To the extent a response is required, denied.

93.     The allegations in Paragraph 93 of the Complaint are legal conclusions and those allegations require no response. To the extent a response is required, denied.  Defendants are not required to admit or deny Plaintiff's requests for relief but deny that Plaintiff is entitled to any such relief.

**Count Eight – Conversion**
**(In Favor of D'Arcangelo and Against All Individual Defendants)**

94.     Paragraph 94 of the Complaint merely repleads and incorporates Plaintiff's prior allegations and thus does not require a response. Defendants replead and incorporate their answers to the allegations contained in Paragraphs 1 through 93 of the Complaint.

95.     Defendants deny the allegations contained in Paragraph 95.

96.     The allegations in Paragraph 96 of the Complaint are legal conclusions and those allegations require no response. To the extent a response is required, denied.

97.     Defendants deny refusing to return to Plaintiff anything he is legally entitled to possess. To the extent the allegations in Paragraph 97 of the Complaint are inconsistent with that admission, the same are denied.

98.     The allegations in Paragraph 98 of the Complaint are legal conclusions and those allegations require no response. To the extent a response is required, denied.  Defendants are not required to admit or deny Plaintiff's requests for relief but deny that Plaintiff is entitled to any such relief.

**Count Nine – Unjust Enrichment**
**(In Favor of D'Arcangelo and Against All Individual Defendants)**

99.     Paragraph 99 of the Complaint merely repleads and incorporates Plaintiff's prior allegations and thus does not require a response. Defendants replead and incorporate their answers to the allegations contained in Paragraphs 1 through 98 of the Complaint.

100.     Defendants deny that Plaintiff remains a member of TFT, is owed anything by Defendants, or any other wrongdoing by Defendants. The remaining allegations in Paragraph 100 of the Complaint are legal conclusions and those allegations require no response. To the extent a further response is required, denied.

101.     Defendants deny that the Individual Defendants were unjustly enriched by any alleged action in Paragraph 100 of the Amended Complaint. To the extent further response is required, the remaining allegations are denied.

102.     Defendants deny that they hold any money or property belonging to Plaintiff. The remaining allegations in Paragraph 102 of the Complaint are legal conclusions and those allegations require no response. To the extent a further response is required, denied.

103.     The allegations in Paragraph 103 of the Complaint are legal conclusions and those allegations require no response. To the extent a response is required, denied.  Defendants are not

required to admit or deny Plaintiff's requests for relief but deny that Plaintiff is entitled to any such relief.

### Count Ten – Constructive Fraud/Fraud in the Inducement
### (In Favor of D'Arcangelo against Defendant Ciaramello)

104.    Paragraph 104 of the Complaint merely repleads and incorporates Plaintiff's prior allegations and thus does not require a response. Defendants replead and incorporate their answers to the allegations contained in Paragraphs 1 through 103 of the Complaint.

105.    Defendants deny any liability to Plaintiff. The remaining allegations in Paragraph 105 of the Complaint are legal conclusions and those allegations require no response. To the extent a further response is required, denied.

106.    Defendants deny that any relationship between Ciaramello and Plaintiff gave rise to a fiduciary relationship.  The remaining allegations in Paragraph 106 of the Complaint are legal conclusions and those allegations require no response. To the extent a response is required, denied.

107.    Defendants deny that any relationship between Ciaramello and Plaintiff gave rise to a fiduciary relationship. Paragraph 107's summary of alleged communications between Ciaramello and Plaintiff are too vague and indefinite for Defendants to know whether the Complaint accurately summarizes those communications. The remaining allegations in Paragraph 107 of the Complaint are legal conclusions and those allegations require no response. To the extent a further response is required, denied.

108.    The allegations in Paragraph 108 of the Complaint are legal conclusions and those allegations require no response. To the extent a response is required, denied. Defendants are not required to admit or deny Plaintiff's requests for relief but deny that Plaintiff is entitled to any such relief.

**Count Ten – Access to TFT Books and Records and Accounting**
**(In Favor of D'Arcangelo and TFT Derivatively Against the Individual Defendants)**

109.    Paragraph 109 of the Complaint merely repleads and incorporates Plaintiff's prior allegations and thus does not require a response. Defendants replead and incorporate their answers to the allegations contained in Paragraphs 1 through 108 of the Complaint.

110.    Defendants deny the allegations in Paragraph 110 of the Complaint.

111.    Defendants admit that TFT's operating agreement was amended, in part, to reduce Plaintiff's ownership interest by 5% and increase Ciaramello's interest by 5%.  Defendants further state that as compensation for Plaintiff's 5% shares, all members, including the Individual Defendants, Olson, and Plaintiff, agreed that Plaintiff would be paid $50,000 as salary from TFT. Defendants furth admit that Rico is CFO of TFT and admit that Rico would provide an overview of the previous month's profits and losses, balance sheet, and financial condition to all members in a monthly message to the members which would also notify them of the month's distribution amount. Any questions that would be asked, which were not common, would then be answered by Rico without protest.   Defendants deny the remaining allegations in Paragraph 111 of the Complaint.

112.    Paragraph 112 of the Complaint are legal conclusions that require no response. To the extent a further response is required, denied.

113.    The allegations in Paragraph 113 of the Complaint call for legal conclusions and those allegations require no response. To the extent a response is required, denied.

114.    Defendants are not required to admit or deny Plaintiff's requests for relief but deny that Plaintiff is entitled to any such relief.

**Count Eleven – Successor Liability**
**(In Favor of D'Arcangelo Against Easton and All Defendants)**

115.     Paragraph 115 of the Complaint merely repleads and incorporates Plaintiff's prior allegations and thus does not require a response. Defendants replead and incorporate their answers to the allegations contained in Paragraphs 1 through 114 of the Complaint.

116.     Defendants deny the allegations in Paragraph 116 of the Complaint.

117.     Defendants admit that at the time the Complaint was filed, TFT had not filed its corporate disclosure statement. Such corporate disclosure statement has since been filed. Defendant denies the remaining allegations contained in Paragraph 117 of the Complaint.

118.     Defendants deny the allegations in Paragraph 118 of the Complaint.

119.     The allegations in Paragraph 119 of the Complaint are legal conclusions and those allegations require no response. To the extent a response is required, denied.

120.     Defendants are not required to admit or deny Plaintiff's requests for relief but deny that Plaintiff is entitled to any such relief.

**Count Twelve – Violation of 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4**
**(In Favor of D'Arcangelo Against Defendant TFT)**

121.     Paragraph 121 of the Complaint repleads and incorporates Plaintiff's prior allegations and thus does not require a response. Defendants replead and incorporate their answers to the allegations contained in Paragraphs 1 through 120 of the Complaint. Defendants deny that TFT had the equivalent of more than twenty full-time employees in the year before Plaintiff's health benefits were terminated.

122.     The allegations in Paragraph 122 of the Complaint are legal conclusions and those allegations require no response. To the extent a response is required, denied.

123.     Defendants deny that at the time of Plaintiff's termination, TFT had the equivalent of more than 20 full-time employees on a typical business day. The remaining allegations in

Paragraph 123 are legal conclusions that need not be admitted or denied. To the extent that a response is required, denied.

124.    The allegations in Paragraph 124 are legal conclusions that need not be admitted or denied. To the extent that a response is required, denied.

125.    The allegations in Paragraph 125 are legal conclusions that need not be admitted or denied.  To the extent that a response is required, denied.

126.    The allegations in Paragraph 126 are legal conclusions that need not be admitted or denied.  To the extent that a response is required, denied.

127.    Defendants lack sufficient information to either admit or deny the last sentence in Paragraph 127 of the Complaint.  Defendants deny the remaining allegations in Paragraph 127 of the Complaint.

128.     The allegations in paragraph 128 of the Complaint are legal conclusions and those allegations require no response. To the extent a response is required, denied.

129.    The allegations in Paragraph 129 of the Complaint are legal conclusions and those allegations require no response. To the extent a response is required, denied.

130.    The allegations in Paragraph 130 of the Complaint are legal conclusions and those allegations require no response. To the extent a response is required, denied.

131.    The allegations in Paragraph 131 of the Complaint are legal conclusions and those allegations require no response. To the extent a response is required, denied.

132.    Defendants are not required to admit or deny Plaintiff's requests for relief but deny that Plaintiff is entitled to any such relief.

**EXEMPLARY DAMAGES**

133.     Paragraph 133 of the Complaint merely repleads and incorporates Plaintiff's prior allegations and thus does not require a response. Defendants replead and incorporate their answers to the allegations contained in Paragraphs 1 through 132 of the Complaint.

134.     Defendants deny that any allegation contained in Paragraph 134.

135.     The allegations in Paragraph 135 of the Complaint are legal conclusions and those allegations require no response. To the extent a response is required, denied.

136.     Defendants are not required to admit or deny Plaintiff's requests for relief but deny that Plaintiff is entitled to any such relief.

**CONSTRUCTIVE TRUST & EQUITABLE REMEDIES**

137.     Paragraph 137 of the Complaint merely repleads and incorporates Plaintiff's prior allegations and thus does not require a response. Defendants replead and incorporate their answers to the allegations contained in Paragraphs 1 through 136 of the Complaint.

138.     Paragraph 138 of the Complaint appear to be a threadbare summary of Plaintiff's prior allegations in the Complaint.  Defendants incorporate by reference their prior responses to those allegations.  To the extent a further response is required, denied.

139.     Defendants are not required to admit or deny Plaintiff's requests for relief but deny that Plaintiff is entitled to any such relief.

140.     Defendants deny that Plaintiff holds a TFT member interest. Defendants further are not required to admit or deny Plaintiff's requests for relief but deny that Plaintiff is entitled to any such relief.

141.     Defendants deny the allegations in Paragraph 141. Defendants are not required to admit or deny Plaintiff's requests for relief but deny that Plaintiff is entitled to any such relief.

**ATTORNEYS' FEES**

142.    Paragraph 142 of the Complaint merely repleads and incorporates Plaintiff's prior allegations and thus does not require a response. Defendants replead and incorporate their answers to the allegations contained in Paragraphs 1 through 141 of the Complaint.

143.    Defendants deny the allegations in Paragraph 143 of the Complaint.

144.    Defendants are not required to admit or deny Plaintiff's requests for relief but deny that Plaintiff is entitled to any such relief.

**MISCELLANEOUS**

145.    The allegations in Paragraph 145 of the Complaint are legal conclusions and those allegations require no response. To the extent a response is required, denied.

146.    The allegations in Paragraph 146 of the Complaint are legal conclusions and those allegations require no response. To the extent a response is required, denied.

**DEMAND**

The Section styled "Demand" in the Complaint appears to contain a summary of Plaintiff's causes of action and requests for relief stated previously in the Complaint. Defendants incorporates by reference their specific responses to those prior allegations. Defendants are not required to admit or deny Plaintiff's requests for relief but deny that Plaintiff is entitled to any such relief.

**<u>AFFIRMATIVE DEFENSES</u>**

Pleading further if such be necessary by way of affirmative defenses, Defendants plead the following:

147.    Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to state any claim upon which relief can be granted.

148.    Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, release, and estoppel.

149.    Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

150.    Plaintiff's derivative claims are barred because Plaintiff lacks standing to bring this suit derivatively on behalf of TFT.

151.    Plaintiff cannot recover against Easton because Easton is not a successor in interest to TFT.

152.    Plaintiff's Complaint, and each purported claim alleged therein, fails to allege facts sufficient to allow the recovery of exemplary damages.

153.    Plaintiff's claim for exemplary damages is limited by Tex. Civ. Prac. & Rem. Code § 41.008.

154.    Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands and/or *in pari delicto*.

155.    Plaintiff is not entitled to any attorneys' fees under 29 U.S.C. § 1132(g)(1) or any Texas state law.

156.    Defendants' investigation of their defenses is continuing, and they expressly reserve the right to allege and assert any addition defenses under Rule 8 of the Federal Rules of Civil Procedure and any other defense, at law or in equity, which may now exist or in the future be available based upon discovery and further investigation in this case.

Dated: May 31, 2024.                    Respectfully submitted,

                                        GREENBERG TRAURIG, LLP

                                        */s/ C. Mark Stratton*
                                        C. Mark Stratton
                                        Texas Bar No. 19359200
                                        Email: strattonm@gtlaw.com
                                        Alan W. Hersh
                                        Texas Bar No. 24080944
                                        Email: hersha@gtlaw.com
                                        300 West 6th Street, Suite 2050
                                        Austin, Texas 78701
                                        Telephone: (512) 320-7200
                                        Facsimile: (512) 320-7210

                                        Charles R. Truslow
                                        Texas Bar No. 24120672
                                        Email: charles.truslow@gtlaw.com
                                        2200 Ross Avenue, Suite 5200
                                        Dallas, Texas 75201
                                        Telephone: (214) 665-3600
                                        Facsimile: (214) 665-3633

                                        *Attorneys for Defendants The Funded Trader, LLC;*
                                        *Angelo Ciaramello; Carlos Rico-Ospina, Jr.;*
                                        *Matthew Racz; and Easton Consulting Technologies,*
                                        *LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was electronically filed with the Court and that counsel of record, who are deemed to have consented to electronic service in the above-styled case, are being served this 31st day of May 2024, with a copy of the above-document via the Court's CM/ECF System.

                                        */s/ C. Mark Stratton*
                                        C. Mark Stratton