UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| NICHOLAS D'ARCANGELO, individually and derivatively on behalf of The Funded Trader, LLC | § § § § | No. 1:23-cv-01472-DAE |
| *Plaintiffs,* | § § § | |
| v. | § § | |
| THE FUNDED TRADER, LLC; ANGELO CIARAMELLO; CARLOS RICO-OSPINA, JR.; MATTHEW RACZ; and EASTON CONSULTING TECHNOLOGIES, LLC, | § § § § § § § | |
| *Defendants.* | § § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is a Report and Recommendation

("Recommendation") filed by United States Magistrate Judge Susan Hightower.

(Dkt. # 43.)  On May 3, 2024, Defendants The Funded Trader, LLC ("TFT");

Angelo Ciaramello ("Ciaramello"); Carlos Rico-Ospina Jr. ("Rico-Ospina");

Matthew Racz ("Racz") (collectively, the "TFT Defendants") and Easton

Consulting Technologies, LLC ("Easton," and collectively with the TFT

Defendants, "Defendants") filed their 12(b)(1) Motion to Dismiss Plaintiff's First

Amended Complaint.  (Dkt. # 20.)  On May 17, 2024, Plaintiff Nicholas

D'Arcangelo ("Plaintiff"), individually and derivatively on behalf of The Funded

1

Trader, LLC, filed his response in opposition to the motion.  (Dkt. # 22.)  On May 24, 2024, Defendants filed their reply.  (Dkt. # 23.)

On February 18, 2025, Judge Hightower submitted a Report and Recommendation, recommending that the Court grant in part and deny in part the Motion to Dismiss.  (Dkt. # 43.)  On March 4, 2025, Plaintiff filed Objections to the Recommendation.  (Dkt. # 44.)  Defendants' deadline to file a response to the Objections was March 18, 2025.  To date, Defendants have not filed a response to the objections.

The Court finds this matter suitable for disposition without a hearing. After reviewing the Recommendation and the information contained in the record, the Court **ADOPTS** the Recommendation.  The Motion to Dismiss (Dkt. # 20) is therefore **GRANTED IN PART** and **DENIED IN PART.**

## BACKGROUND

The Court agrees with Judge Hightower's recitation of the facts and incorporates them in full:

The parties include Plaintiff Nicholas D'Arcangelo, a foreign exchange ("Forex") trader, who brings this individual and derivative breach of contract and fiduciary duty suit against Defendants.  (Dkt. # 43 at 2.)  Defendants include The Funded Trader, LLC ("TFT"); Easton Consulting Technologies, LLC; Angelo Ciaramello; Carlos Rico-Ospina, Jr.; and Matthew Racz.  (Id.)

Plaintiff asserts claims for declaratory judgment, breach of contract, breach of formal fiduciary duties, and access to books, records and accounting both individually on his own behalf and derivatively on behalf of TFT; he brings the other claims individually.  (Id. at 4.)  Defendants move to dismiss Plaintiff's state law claims under Rules 12(b)(1) for lack of standing and 12(b)(6).  (Dkt. # 20.)

APPLICABLE LAW

I.    Review of Report and Recommendation

The Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected.  See 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").  The objections must specifically identify those findings or recommendations that the party wishes to have the district court consider. Thomas v. Arn, 474 U.S. 140, 151 (1985).  A district court need not consider "[f]rivolous, conclusive, or general objections."  Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).  "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  Findings to which no specific objections are made do not require de novo review; the Court need only determine

whether the Recommendation is clearly erroneous or contrary to law.  <u>United States v. Wilson</u>, 864 F.2d 1219, 1221 (5th Cir. 1989).

II.    <u>12(b)(1)</u>

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges a federal court's subject matter jurisdiction.  <u>See</u> Fed. R. Civ. P. 12(b)(1).  Under Rule 12(b)(1), a claim is properly dismissed for lack of subject matter jurisdiction when a court lacks statutory or constitutional authority to adjudicate the claim.  <u>Home Builders Assoc. of Mississippi, Inc. v. City of Madison</u>, 143 F.3d 1006, 1010 (5th Cir. 1998).  In considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."  <u>Den Norske Stats Oljeselskap As v. HeereMac Vof</u>, 241 F.3d 420, 424 (5th Cir. 2001) (citation omitted).

Challenges to a plaintiff's standing to bring a claim may be brought under 12(b)(1).  <u>See</u> <u>In re Wilson</u>, 527 B.R. 253, 255 (Bankr. N.D. Tex. 2015) ("A motion to dismiss that attacks a party's standing 'is a jurisdictional matter." (quoting <u>Broadhollow Funding LLC v. Bank of America, N.A.</u>, 390 B.R. 120, 128 (Bankr. D. Del. 2008)).  "Standing goes to the 'case or controversy' limitation on federal court jurisdiction . . . and a plaintiff's lack of standing 'robs the court of

jurisdiction to hear the case.'" In re Hunt, 149 B.R. 96, 99 (Bankr. N.D. Tex. 1992) (citations omitted); see also In re Rhinesmith, 450 B.R. 630, 631 (Bankr. W.D. Tex. 2011) (stating that "standing is a species of subject matter jurisdiction" (citing, inter alia, Sample v. Morrison, 406 F.3d 310, 312 (5th Cir. 2005)).

III.    Standing

A plaintiff establishes standing by sufficiently alleging: "(1) an 'injury in fact' that is 'concrete and particularized' and 'actual or imminent'; (2) is fairly traceable to the defendant's actions; and (3) is likely to be redressed by a favorable decision." Barilla v. City of Houston, 13 F.4th 427, 431 (5th Cir. 2021) (citing Lujan v. Defs. of Wildlife, 504 U.S. 555, 560–61 (1992)).

IV.    12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted."  Review is limited to the contents of the complaint and matters properly subject to judicial notice.  See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007). In analyzing a motion to dismiss for failure to state a claim, "[t]he [C]ourt accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004)).  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff

must plead "enough facts to state a claim to relief that is plausible on its face."

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged."

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

DISCUSSION

The Magistrate Judge recommended that this Court dismiss with

prejudice the following claims: (1) individual and derivative claims for declaratory

judgment (Count One); (2) individual and derivative breach of contract claim as to

the Original Agreement (Count Two); (3) individual breach of common law duties

of disclosure and good faith and fair dealing (Count Three); (4) individual breach

of common law formal fiduciary duties claim (Count Four in part); (5) individual

civil conspiracy claim (Count Six); (6) individual conversion claim (Count Eight);

(7) individual unjust enrichment claim (Count Nine); (8) individual and derivative

access to TFT books, records, and accounting claim (first Count Ten); and (9)

successor liability claim (Count Eleven).  (Dkt. # 43 at 20.)

Defendants did not file objections to the Recommendation, including

Judge Hightower's finding that Plaintiff has Article III standing and statutory

standing through the Zauber exception.  (Id. at 9, 14.)  Plaintiff did not object to

the recommended dismissals and findings regarding Counts One, Two, Three, Four

in part, Six, first Count Ten, or Count Eleven.  Having found Judge Hightower's

analysis with respect to these claims reasonable and absent of clear error, the Court

adopts the Magistrate's Recommendation as to those claims.  The Court now turns

to Plaintiff's specific objections.

I.      Conversion and Unjust Enrichment Claims

        The Magistrate Judge found that Ritchie v. Rupe, 443 S.W.3d 856

(Tex. 2014) bars Plaintiff's individual claims for breach of formal fiduciary duties;

breach of common law duties of disclosure, good faith and fair dealing;

conversion; unjust enrichment; and request for an accounting.  (Dkt. # 43 at 14–

16.)  Judge Hightower reasoned that all of these claims are based on duties and

obligations owed to the LLC, not individual members.  (Id. at 16.)  Plaintiff objects

to this finding on the basis that conversion and unjust enrichment are not on the list

of claims Ritchie characterized as derivative-only.  (Dkt. # 44 at 2.)

        Ritchie v. Rupe explains that the general rule in Texas is as follows:

"[I]ndividual stockholders have no separate and independent right of action for

injuries suffered by the corporation [that] merely result in the depreciation of the

value of their stock.  This rule is based on the principle that where such an injury

occurs each shareholder suffers relatively in proportion to the number of shares he

owns, and each will be made whole if the corporation obtains restitution or

compensation from the wrongdoer."  Ritchie, 443 S.W.3d at 887–88.  The court

further explains that a common complaint of minority shareholders involves the

"misapplication of corporate funds and diversion of corporate opportunities." Id.

at 887.  Because the duty of loyalty that officers and directors owe to the

corporation specifically prohibits them from misapplying corporate assets for their

personal gain or wrongfully diverting corporate opportunities to themselves, these

types of actions may be redressed through a derivative action, or through a direct

action brought by the corporation, for breach of fiduciary duty.  Id.

        The Court finds that Plaintiff's conversion and unjust enrichment

claims fall within the Ritchie category of misapplication of corporate funds and

diversion of corporate opportunities claims that must be brought derivatively.  For

example, Plaintiff alleges that "Defendant Ciaramello privately engaged in the

*conversion* of Forex League company assets *for his own personal use*, and

substantially depleted the bank account balance of Forex League."  (Dkt. # 15 at

15.)  Plaintiff also alleges the "Individual Defendants – by purporting to eliminate

Plaintiff's TFT Member interests without any compensation, by simply

redistributing Plaintiff's Member interest among themselves, and by depriving

Plaintiff D'Arcangelo of any and all TFT Member distributions after January 31,

2023, in a manner *designed to increase their own Member distributions* by simply

devouring Plaintiff's share of those distributions, has unjustly enriched the

Individual Defendants at the expense of Plaintiff."  (Id. at 32.)  As the Magistrate

Judge concluded, these types of claims are based on duties and obligations owed to the LLC, not individual members.  (Dkt. # 43 at 16.)

The Court concludes that the conversion and unjust enrichment claims are barred by <u>Ritchie</u> as the "potential harm here is to the corporation and the shareholders collectively."  443 S.W.3d at 887.  Accordingly, the Court **OVERRULES** Plaintiff's objections and **DISMISSES** Plaintiff's individual conversion and unjust enrichment claims.

## II.    Dismissal with Prejudice

Plaintiff objects to the Recommendation that his claims be dismissed with prejudice.  (Dkt. # 44 at 3.)  Plaintiff argues "[t]his was the first motion to dismiss adjudicated in this case, and the R&R itself makes no finding of futility as to Plaintiff's potential ability to cure defects in any (much less all) of the claims being recommended for dismissal."  (<u>Id.</u>)

A court should ordinarily provide a claimant an opportunity to amend his complaint prior to granting a motion to dismiss with prejudice.  <u>See</u> <u>Hart v. Bayer Corp.</u>, 199 F.3d 239, 248 n. 6 (5th Cir.2000) (citations omitted).  However, dismissal without leave to amend is appropriate where any amendment would be futile or the plaintiff has presented his best case.  <u>See</u> <u>Washington v. Weaver</u>, No. 08–30392, 2008 WL 4948612, at *3 (5th Cir. Nov. 20, 2008) (citing <u>Bazrowx v.</u>

<u>Scott</u>, 136 F.3d 1053, 1054 (5th Cir. 1998); <u>Stripling v. Jordan Prod. Co.</u>, 234 F.3d 863, 872–73 (5th Cir. 2000)).

With respect to the recommended dismissed claims, the Magistrate Judge found that (1) Plaintiff's claims for civil conspiracy (Count Six), successor liability (Count Eleven), and a declaratory judgment under the Texas and federal Declaratory Judgment Acts (Count One) do not state a plausible claim for relief because they are not independent causes of action but rather procedural theories of recovery and liability (Dkt. # 43 at 7); (2) <u>Ritchie</u> bars Plaintiff's individual claims for breach of formal fiduciary duties (Count Four); breach of common law duties of disclosure, good faith and fair dealing (Count Three); conversion (Count Eight); unjust enrichment (Count Nine); and request for an accounting (Count Ten) (<u>id.</u> at 16); and (3) the parol evidence rule precludes Plaintiff from asserting any breach of contract claims under the Original Agreement (Count Two). (<u>Id.</u> at 18.) Notably, Plaintiff did not object to the procedural limitation, nor the parol evidence rule finding.

The Court finds amendment of Plaintiff's dismissed claims against Defendants "would be futile" since he has presented no plausible basis for avoiding the application of procedural limitations for recovery, <u>Ritchie</u>'s bar to a shareholder's individual claims, and the parol evidence rule. Therefore, the Court agrees Plaintiff's claims will be dismissed with prejudice.

<u>CONCLUSION</u>

For the reasons given, the Court **ADOPTS** Magistrate Judge Susan Hightower's Report and Recommendation (Dkt. # 43) in full as the opinion of this Court and **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. # 20.)

The following claims are **DISMISSED WITH/OUT PREJUDICE**: (1) Plaintiff's individual and derivative claims for declaratory judgment (Count One); (2) Plaintiff's individual and derivative breach of contract claim as to the Original Agreement (Count Two); (3) Plaintiff's individual breach of common law duties of disclosure and good faith and fair dealing (Count Three); (4) Plaintiff's individual breach of common law formal fiduciary duties claim (Count Four in part); (5) Plaintiff's individual civil conspiracy claim (Count Six); (6) Plaintiff's individual conversion claim (Count Eight); (7) Plaintiff's individual unjust enrichment claim (Count Nine); (8) Plaintiff's individual and derivative access to TFT books, records, and accounting claim (first Count Ten); and (9) Plaintiff's successor liability claim (Count Eleven).

The following claims remain pending: (1) Plaintiff's individual and derivative claims for breach of the Amended Operating Agreement; (2) Plaintiff's derivative claim for breach of formal fiduciary duties (Count Four in part); (3) Plaintiff's individual claims for breach of informal fiduciary duties and knowing

participation in breach of informal fiduciary duties (Counts Five and Seven); (4)

Plaintiff's individual constructive fraud claim (second Count Ten); and (6)

Plaintiff's individual claims under ERISA and COBRA (Count Twelve).

For the reasons above, the Court **ADOPTS** United States Magistrate

Judge Susan Hightower's Report and Recommendation in full as the opinion of

this Court.  (Dkt. # 43.)  Defendants' Motion to Dismiss is **GRANTED IN PART**

**and DENIED IN PART.**  (Dkt. # 20.)

**IT IS SO ORDERED.**

**SIGNED**: Austin, Texas, March 21, 2025.

_____

David Alan Ezra
Senior United States District Judge